■ In the Matter of JOYCE CARMEL, Respondent, v ZONING BOARD OF APPEALS OF THE VILLAGE OF KINGS POINT, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Kings Point denying the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Nassau County (McGinity, J.), dated April 27, 1982, which annulled the determination and directed the appellant to grant the area variance. Judgment reversed, on the law, with $50 costs and disbursements, and matter remanded to the appellant zoning board of appeals for reconsideration of the petitioner's application. The petitioner owns an unimproved lot in the Village of Kings Point which is bordered on the east by Manhasset Bay. The property is zoned for single-family residences with a minimum lot area of 40,000 square feet. The zoning ordinance further provides, *inter alia*, that the lot area is to be measured exclusive of "areas located below the mean high water lines of Long Island Sound and the bays". The petitioner's waterfront property has a total area of 43,643 square feet of which only 39,476 square feet lies above the mean high water line of Manhasset Bay. Hence, by 524 square feet, the subject property fails to meet the 40,000 square feet minimum area requirement of the applicable zoning ordinance. The petitioner sought an area variance in order to erect a

one-family dwelling upon her substandard parcel of property. In a decision dated January 27, 1982, the appellant board of appeals denied the application, finding that approximately 75% of the petitioner's land now above the mean high water line had been filled in, and that the alternative of filling in the additional 524 square feet needed to comply with the requirements of the zoning ordinance had not been pursued. On that basis, the board concluded that the petitioner had failed to show the existence of practical difficulties sufficient to warrant the requested area variance. Petitioner thereupon commenced this proceeding to review the board's determination. Special Term found that there was a rational basis for the denial of the application since, at the time of the public hearings thereon, the petitioner had not applied to the New York State Department of Environmental Conservation for a permit to fill the additional area. The court noted, however, that subsequent to the determination of the zoning board of appeals, the petitioner applied for such a permit and received a determination by the department's Division of Regulatory Affairs that issuance of the permit was "not warranted based on the information available". Special Term took that determination as a sufficient indication that the suggested landfill operation would not be a feasible alternative. Moreover, Special Term, seeking to avoid delay and an additional burden to the parties, declined to remand the matter to the zoning board of appeals for reconsideration based upon the determination of the Division of Regulatory Affairs. Rather, the court, holding that the petitioner is entitled to an area variance, annulled the board's determination to the contrary and directed the board to grant the variance. In doing so, the court took note of an apparently similar case in which a variance was granted by the board. We now reverse. The granting of an area variance in circumstances apparently similar to those at bar did not oblige the board to grant an area variance to the petitioner (see *Matter of Cowan v Kern,* 41 NY2d 591). Moreover, it was improper for Special Term to substitute its judgment for that of the board based upon evidence which was not before the board at the time its determination was made (see *Matter of Persichilli Homes v Zoning Bd. of Appeals of Town of Huntington,* 19 NY2d 668). We note additionally that, subsequent to the determination at Special Term, a public hearing was held by the Department of Environmental Conservation upon the application of the petitioner to fill in the 524 square foot area located below the line of mean high water. No determination has yet been issued. Accordingly, the matter is remanded to the zoning board of appeals for reconsideration of the petitioner's application for an area variance in light of whatever determination is rendered by the Department of Environmental Conservation. The board may also consider the *bona fides* of the petitioner's application for a permit to fill, since there is some indication that she did not vigorously pursue, in good faith, the application at the hearing. Mollen, P. J., Mangano, Brown and Rubin, JJ., concur.